1810.

The Lessee of Huston *against* Hamilton.

Philadelphia,
Monday,
March 26.

*PATRICK MOORE* and *Hannah* his wife were seised in fee of the premises in right of the wife, on the 13th of *June* 1786. On that day they conveyed the same (*inter al'*) to *Robert M'Clenachan*, by indenture, in consideration of ten shillings, reciting as follows:

" Whereas it is intended by the said *P. M.* and *H.* his
" wife, to convey all and singular &c. unto the said *Robert*
" *M'Clenachan*, his heirs and assigns, *in trust* for the use of
" the said *P. M.* and *H.* his wife, for and during the term of
" their joint lives; and in case of the death of the said *P.*
" before the said *H.* his wife, then in trust for the use of the
" said *H.*, her heirs and assigns for ever; and in case of the
" death of the said *H.* before the said *P. leaving issue*, then
" in trust for the use of the said *P.* during his natural life,
" and after his death in trust for the use of such child or
" children of them the said *P.* and *H.* his wife, as shall be
" living at the time of the death of the said *P.*, his, her or
" their heirs and assigns for ever; but in case of the death of
" the said *H.* before the said *P. without issue*, then in trust
" for the use of the said *Patrick Moore*, his heirs and assigns
" for ever." Then followed the grant to *M'Clenachan*, haben-
*dum* in fee, upon the following trusts: " In trust nevertheless
" to and for the use of the said *P. M.* and *H.* his wife and
" their assigns, for and during the term of their joint lives;
" and from and after the determination of that estate, if it
" shall happen by the death of the said *P.* before the said *H.*
" his wife, [to the use of the said *Robert M'Clenachan*, his
" heirs and assigns, for and during the joint lives of the said
" *P. M.* and *H.* his wife, upon trust only to preserve the
" contingent uses and estates therein after limited from
" being destroyed, and to make entries for the same if need-
" ful; and from and immediately after the death of the said
" *P. M.*, in case the said *P.* shall die before the said *H.*,]
" then in trust to and for the use and behoof of the said *H.*
" her heirs and assigns for ever. But in case *such estate shall*
" *determine* by the death of the said *H.* before the said *P.*

*Husband and wife conveyed the estate of the wife in trust for their use during their joint lives, and in case of the determination of the joint estate for life by the death of the wife before the husband without issue, then for the use of the husband in fee.*

*Held that the dying without issue must be understood in its natural sense of a dying without issue living at the death of the wife; and the wife having left a child who survived her a few days and then died before the husband, he did not take a fee.*

*When an estate is conveyed in trust to serve certain uses, a resulting trust arises by impli-cation of law to the grantor, for all such parts of the equitable estate, as are not disposed of by the deed.*

| 2 B | 387 |
| 202 | 8538 |
| 202 | 8543 |
| 202 | 1545 |
| 202 | 8552 |

" *leaving issue*, then in trust to the use of the said *P.* and his " assigns, for and during *the term of his natural life*, without " impeachment of waste; and from and after the death of the " said *P.*, to the use and behoof of *such child or children* of " them the said *P.* and *H.* his wife, *as shall be living at the* " *time of the death* of the said *P.*, his, her or their heirs and " assigns for ever. But IN CASE OF THE DETERMINATION OF " THE JOINT ESTATE FOR LIFE *of them the said* P. *and* H. " *his wife, herein before limited, by the death of the said* H. " *before the said* P. WITHOUT ISSUE, *then in trust for the use* " *and behoof of the said* P. *his heirs and assigns for ever.* And " to and for no other use" &c.

*Hannah Moore* the wife died in *September* 1786 before her husband, leaving issue one child, who died about thirteen days after her. *Patrick Moore* the husband died in *August* 1803. The lessor of the plaintiff was heir at law to *Hannah Moore*, and to her child.

The trustee *Robert M'Clenachan* conveyed to *Patrick Moore* in fee, on the 10th *November* 1796, all the estates granted to him by the deed from *Moore* and wife; and the defendant, with full notice of the claim by the heir at law, bought the premises at sheriff's sale, under an execution against *Patrick Moore*, and held them under a deed from the sheriff of the 1st of *February* 1798.

Upon these facts a verdict was taken for the plaintiff at the Nisi Prius preceding this term, with liberty to the defendant to move for a new trial. The principal question was, whether *Patrick Moore* took a fee, or only a life estate, under the circumstances that had happened.

*Tilghman* and *Lewis* in behalf of the motion. *Patrick Moore* took a fee. The deed of 1786 must be interpreted liberally. Conveyances by way of use are always construed like wills with respect to the intention of the parties; and when a court of law or equity finds that the general and substantial intent of the parties was that the estate should pass, they will support that intent by a construction, which the formal nature of the instrument does not in other cases admit. *Stapelton* v. *Stapelton* (a), *Leigh* v. *Brace* (b). They

(a) 1 *Atk.* 8.                    (b) *Carth.* 343.

will even construe them against the words, for the sake of the intent. *Kentish* v. *Newman* (*a*). The intention here was to give Mrs. *Moore* a fee if she survived her husband; if she died leaving the husband and a child, and that child survived the husband, he was to take for life, and the child a remainder in fee; but if the husband survived the child, he was to take the fee. This as it respects the husband was the very end of the settlement; for upon the birth of a child he would take a life estate, independent of the deed. The whole deed shews this intention. The recital of the uses, expresses a design to give the husband a fee upon the death of his wife before him *without issue;* which in its genuine legal sense, does not mean a failure of issue at her death, but a failure any time during the life of *Patrick Moore.* It is otherwise sometimes as to legacies; but there is no instance in which a dying without issue as to limitations of real estate, is confined to issue living at the first taker's death, without declaration plain. *Nichols* v. *Hooper* (*b*). Here the declaration is the other way; for as the child took nothing but upon surviving the father, *without issue* meant issue that should survive him, and none other. The trusts, it is true, differ from the recital; but they are in some respects absurdly drawn, and the variation was probably a mistake. The recital is the key to the intention. By a liberal construction however, both may be reconciled. The husband's fee depends in the trust clause, upon the determination of the joint estate for life, by the wife's dying before the husband without issue. All these words must be taken in connexion to ascertain the meaning; 5 *Ves. jr.* 247; and the court, to support the intention, will say, that when the issue died before *Patrick Moore*, then Mrs. *Moore* died without issue, and the joint estate was determined by her death without issue. If this was not the meaning, why not give the fee absolutely to the child that should be left by Mrs. *Moore?* It is the only construction that can be supported, because it was clearly the intention to give the husband a fee if he survived the child. The variation between *leaving issue*, and *without issue*, is also material. If issue was *left* at the death of the wife, then the use was to *Patrick* for life, and to the issue in fee if it survived

(*a*) 1 *P. Wms.* 234.               (*b*) 1 *P. Wms.* 199.

him; but if the issue died before *Patrick*, then Mrs. *Moore* died *without issue*, and he took the fee. To give the last words the same meaning as the first, the court must read them " without *leaving* issue," or " without *such* issue;" and they will not do that, to make the existence of a child for ten days, deprive the husband of the fee.

*Dallas* and *Ingersoll* contra. There is no doubt that a conveyance under the statute of uses is to be construed liberally, according to the intention of the parties; but as the uses were in this case carved out of the wife's estate, an intention will be presumed in favour of the wife's heir at law, unless the instrument provides for his exclusion. There was no intention to give *Patrick Moore* a fee, except in one case, that of Mrs. *Moore's* dying before him without issue living at the time of her death. This case has not happened. The recital shews no intention to the contrary. When a life estate is designed for the husband, the recital speaks of Mrs. *Moore's* leaving issue. When a fee is intended, then it speaks of dying without issue; which must be understood in its common sense, that is, not leaving issue, because it stands in opposition to the case of leaving issue. The event in which he was to get a life estate, has actually occurred; she died leaving issue; and there is not a syllable in the deed to shew, that any event occurring after the death of the wife, was to alter the estate of the husband as it existed at that time. But the decisive objection to his taking a fee, is that all the dispositions in his favour take effect *upon the determination of the joint estate for life* by Mrs. *Moore's* death, and at no other time. When therefore the dying without issue is coupled with that event, it is declaration plain that the failure of issue is limited to the death of the wife; and that if issue was then in being, the limitation of the fee to the husband, was not to take effect. To give him a fee in the event that has happened, is to make the joint estate of the husband and wife subsist after the death of the wife, and until the death of the issue, though it might be fifty years. Where was the equitable reversion in fee during the child's life? It certainly was in the child; for otherwise, though the child had lived fifty years and left issue, if *Patrick* had survived, he would have taken the fee from the issue, which was never the

intent; and if it was in the child, there is nothing in the deed to take it out of him in favour of any body. The difficulty in the case does not arise out of the language of the deed, but from the happening of a circumstance which the parties did not anticipate, namely, the leaving issue, and its dying before the father. Of course no provision is made for the case. But the consequence of the omission is not that the father takes the fee, but that it goes to the heir at law; and he is entitled to recover against the defendant, notwithstanding the defendant has the legal estate in him, by the conveyance of *M'Clenachan* to *Moore*, and the transfer of *Moore's* estate by the sheriff.

*Lewis*, in reply, suggested that if, according to the plaintiff's argument, all the equitable estates, except *Patrick Moore's* life estate, had expired upon the death of the child, both the legal and equitable estate were from that time in *Robert M'Clenachan*, to whom the whole had been conveyed to serve only particular uses; and that by his conveyance *Patrick Moore's* estate was enlarged to a fee. But at a subsequent day, Mr. *Lewis* said he would not press the point.

Tilghman C. J. In this case two questions arise. 1st. Did *Patrick Moore* take an estate for life or in fee simple, under the trust deed from himself and his wife to *Robert M'Clenachan*, his wife having died before him, leaving issue a child which also died before him? 2d. If he took but an estate for life, was his estate strengthened or enlarged by the deed to him from *Robert M'Clenachan?*

1. It is agreed that the trust deed is to be construed liberally, so as best to effectuate the intent of the parties. The question is, what was that intent? It is evident that after giving the estate to the husband and wife for their joint lives, there was a design to provide for the moment when the marriage should be dissolved by the death of either of them. If the wife survived, she was to take the fee-simple. If she died first and left issue, the husband was to have an estate for his life; but if no issue, then in fee. As to the children, inasmuch as the father was to hold the estate during his life, nothing was to vest in them until his death; and then the estate was to vest in such children as should be at that time

living, as joint-tenants in fee. This is the main intent of the parties; and it seems to me, that we are perplexed, not with any difficulty in the construction of the deed, arising out of the expressions contained in it, but by an event not foreseen, and therefore not intended to be provided for; I mean, the death of the infant a few days after the death of the mother. It seems hard, that so short a life should deprive the husband of a fee simple; and we cannot help asking ourselves, if this could have been intended. But it is dangerous to indulge such reflections, because they lead us from the fair construction of the deed as it is written, which is the only thing we have a right to consider. To return to the deed then. It first provides, that in case the joint estate for life shall determine by the death of the wife, *leaving issue*, then the husband shall take for life. Thus far it is plain beyond doubt, that if there was issue at the time of the wife's death, the husband was to have no more than an estate for life. Next follows a provision for the issue; after which it is said, " but in case of the *de-*" *termination of the joint estate* for life of them the said " *Patrick Moore* and *Hannah* his wife, herein before limited, " by the death of the said *Hannah* before the said *Patrick* " *without issue*, then in trust for the said *Patrick Moore*, his " heirs and assigns" &c. The case here provided for, is the determination of the *joint* estate by the wife's death without issue. Now the *joint* estate was determined at the instant of the wife's death; and consequently that is the point of time, to which the dying without issue relates. And this is in exact conformity with the former expressions of the wife's death *leaving issue*, and makes the whole deed consistent.

But we are asked by the defendant's counsel, to strain the construction of these words *dying without issue*, and to understand by them a death leaving issue, which should die in the life of the father. I say, to strain the construction; because, if we adopt this sense, we must reject those words which confine the dying without issue, to the time when the joint estate is determined. Besides, although in point of law, Mrs. *Moore* may be said to have died without issue before her husband, notwithstanding she in fact left issue at the time of her death, yet that is not the most obvious meaning of those expressions. It is a construction introduced for the purpose of preventing the general intent of an instrument of

writing from being defeated, and was first resorted to from necessity. Now here is no such necessity. If the husband takes but an estate for life, the remainder goes where, unless there is a clear intent to the contrary, it ought to go, to the heirs of the wife to whom the estate belonged. This is a case, in which it is proper to give those words, *dying without issue*, their natural meaning. I am therefore of opinion, that in the event which has happened, the husband took an estate for life and no more.

2. The second point was founded on an idea, that even supposing that *Patrick Moore* took but an estate for life, yet he obtained an indefeasible estate in fee by the conveyance of *Robert M'Clenachan* the trustee, who it was supposed took not only the whole legal estate by virtue of the trust deed, but also all that part of the equitable estate, which was not disposed of by the deed. This point has, upon reflection, been very candidly abandoned by the counsel for the defendant. It certainly was not tenable. It was the manifest intention of the parties, that the trustee should take no beneficial interest by this deed. The consideration of ten shillings was merely nominal, and inserted for no other purpose than to raise an use, by which the legal estate might be vested in the trustee. This being the case, a resulting trust arose by implication of law, for the benefit of Mrs. *Moore*, to whom the property belonged, for all such part of the equitable estate, as was not disposed of by the deed. It follows, that the lessor of the plaintiff, who is the heir both of Mrs. *Moore* and her child, is entitled to call on the defendant for a conveyance of the legal estate. I am therefore of opinion that the motion for a new trial should be denied, and that judgment should be entered for the plaintiff.

YEATES J. of the same opinion.

BRACKENRIDGE J. of the same opinion.

<div style="text-align: right">

Motion denied, and
Judgment for plaintiff.